UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| GUEST ASSOCIATES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case Number: 5:13-cv-01667-JHE |
| ) | |
| CYCLONE AVIATION PRODUCTS, ) | |
| LTD., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

Defendant Cyclone Aviation Products, Ltd ("Cyclone") moves, pursuant to 28 U.S.C. § 1404(a), to transfer venue to the United States District Court for the Southern District of New York. (Doc. 7).[1]  Plaintiff Guest Associates, Inc. ("GAI") responded in opposition, (doc. 12), and, after seeking and being granted leave to file a reply, Cyclone did so, (doc. 16).  Defendant subsequently filed a notice of supplemental authority, attaching a copy of *Atlantic Marine Construction Co. v. U.S. District Court for the Western District of Texas*, -- U.S. --, 134 S. Ct. 568, 187 L. Ed. 2d 487 (2013).  (Doc. 19).  Plaintiff responded, arguing the inapplicability of that case.  (Doc. 20).  Finally, Defendant filed a second notice of supplemental authority, attaching a copy of an Eleventh Circuit case applying *Atlantic Marine*.  (Doc. 21).  The issues have been fully briefed, and the motion is, therefore, ripe for review.  Based on the following, the undersigned finds Defendant's motion to transfer venue, (doc. 7), is due to be GRANTED.[2]

---

[1] All citations to the record refer to document and page numbers as assigned by the Court's electronic filing system.

[2] Cyclone also moves to dismiss Counts III, IV, and V of the complaint under Rule 12(b)(6), FED. R. CIV. P.; however, the undersigned addresses the motion to transfer venue first and, because the undersigned finds it is appropriate to transfer the action, the motion-to-dismiss

**I. Procedural and Factual Background**

This action arises from a representative agreement between Cyclone and GAI, under which GAI assisted Cyclone in promoting and selling its products to customers within GAI's defined territory. (Doc. 3-2 at 6-17). The agreement contains a mandatory forum-selection clause, stating:

> This Agreement shall be governed by and construed in accordance with the laws of the State of New York, and any dispute arising under or in connection herewith shall be presented in and determined by the courts of the Federal Court of the Southern District of New York to whose exclusive jurisdiction the parties hereto consent.

(Doc. 3-2 at 11).[3] Cyclone is an Israeli company with its principal place of business in Israel and no offices or resident employees in the United States. (Doc. 3-2 at 3). GAI is an Alabama corporation, headquartered in Huntsville, Alabama, but provides services throughout the United States and abroad. (Doc. 3-1 at 4-5). Alabama is where GAI maintains its records and where its potential witnesses reside. (Doc. 12-1 at 3).

After years of working together, the relationship between the parties soured for reasons not relevant to the current motion, and GAI sued Cyclone in the Circuit Court of Madison County, Alabama, asserting claims under the Alabama Sales Representative Commission Contracts Act ("the Act"), breach of contract, unjust enrichment, quantum meruit, and declaratory judgment. (Doc. 3-1 at 7-11). Cyclone removed the case to this Court, (docs. 1 &

---

portion of Cyclone's motion is reserved for ruling by the United States District Court for the Southern District of New York. *See C.M.B. Foods, Inc. v. Corral of Middle Ga.*, 396 F Supp. 2d 1283, 1285 (M.D. Ala. 2005) (considering the motion to transfer venue first because a transfer of venue "would obviate the need to reach the merits of the [defendants'] motion to dismiss")).

[3] "A permissive clause authorizes jurisdiction in a designated forum but does not prohibit litigation elsewhere. A mandatory clause, by contrast, dictates an exclusive forum for litigation under the contract." *GDG Acquisitions, LLC v. Gov't of Belize*, 749 F.3d 1024, 1029 (11th Cir. 2014). The language of this clause very clearly "dictates an exclusive forum for litigation under the contract," *Snapper, Inc. v. Redan*, 171 F.3d 1249, 1263 (11th Cir. 1999), and GAI does not contend otherwise.

3), and moved to transfer the case to the Southern District of New York under 28 U.S.C. § 1404(a), (docs. 7 & 8).  GAI has opposed the transfer on the grounds it would violate Alabama's strong public policy, New York is an inconvenient forum, and the transfer may deprive it of its claim under the Act.  (Docs. 12 & 13).

## II. Analysis

The U.S. Supreme Court recently addressed the process by which district courts are to address forum-selection clauses in *Atlantic Marine Construction Co. v. U.S. District Court for the Western District of Texas*, -- U.S. --, 134 S. Ct. 568, 187 L. Ed. 2d 487 (2013).  In that case, the Court affirmed that the only vehicle for enforcing a forum-selection clause in federal court is a motion to transfer venue under 28 U.S.C. § 1404(a).  *See* 134 S. Ct. at 579.  Moreover, the Court affirmed "a proper application of § 1404(a) requires that a forum-selection clause be 'given controlling weight in all but the most exceptional cases.'" *Id.* (quoting *Stewart*, 487 U.S. 22, 33, 108 S.Ct. 2239, 224, 101 L.Ed.2d 22 (1988) (KENNEDY, J., concurring)).  Although the *Atlantic Marine* Court was addressing a forum-selection clause pointing to a nonfederal forum and held, under such circumstances, a motion to transfer for *forum non conveniens* was the proper vehicle instead of a § 1404(a) motion, the Court noted the standard was the same for evaluating a forum-selection clause under both standards.  134 S. Ct. at 580.  After reviewing the considerations for evaluating the typical case not involving a forum-selection clause, the Court held:  "The calculus changes, however, when the parties' contract contains a *valid* forum-selection clause, which 'represents the parties' agreement as to the most proper forum.'" 134 S. Ct. at 581 (emphasis added).

### A. Validity of the Forum Selection Clause

GAI argues *Atlantic Marine* is inapplicable to the issue before this Court because *Atlantic*

*Marine* is explicitly predicated on the existence of a "valid" forum-selection clause and, as GAI asserts, Alabama law rendered the forum-selection clause itself void.  (Doc. 20 at 1) (citing *Atl. Marine*, 134 S. Ct. at 581).  The question then is whether, as GAI argues, the issue of a forum-selection clause's validity can, in a forum state where a state law or public policy invalidates forum-selection clauses, prevent the ultimate application of the *Atlantic Marine* analysis at all.  The problem with GAI's argument is it extends the word, "valid," beyond its use in the forum-selection clause context.

The question is easily reconciled if "validity" is read as it is in *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 92 S. Ct. 1907, 32 L. Ed. 2d 513 (1972), in which the Court distinguished between the contractual provision itself being "invalid for such reasons as fraud or overreaching," as opposed to unenforceable because it is "unreasonable and unjust."  *Id.* at 15, 92 S. Ct. at 1916.  The Eleventh Circuit has similarly stated "[t]he validity of a forum selection clause is determined under the usual rules governing the enforcement of contracts in general."  *P & S Bus. Machines, Inc. v. Canon USA, Inc.*, 331 F.3d 804, 807 (11th Cir. 2003) (citing *In re Ricoh Corp.,* 870 F.2d at 573-74 (considering whether the clause was "freely and fairly negotiated by experienced business professionals" and whether there was any fraud, duress, misrepresentation, or other misconduct in connection with the agreement to the forum selection clause)).  A state law or public policy specifically preventing the transfer of a case is not "general contract law" but is instead addressed to the subsequent question of whether the case may be transferred under an "enforceable" forum-selection clause.  *Cf. Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 31, 108 S. Ct. 2239, 2244-45, 101 L. Ed. 2d 22 (1988) (referring to the state's policy prohibiting the enforcement of forum-selection clauses as a "policy focusing on a single concern or a subset of the factors identified in 1404(a) [the federal transfer statute]").  *See also*

*KM Processing Solutions, LLC v. Bunting Magnetics Co.*, No. 13-cv-0366-CG-N, 2013 WL 6228734, at *5 and n.4 (S.D. Ala. Dec. 2, 2013) (applying this distinction).  When this distinction between "valid" under general contract law and "enforceable" under a law specifically preventing the transfer of a case is considered, the reason why the latter would be preempted by the federal transfer statute and the former would not becomes clear.  Accordingly, the validity of a forum-selection clause must first be determined under general contract law, and, second, where a contractually valid forum-selection clause exists, the extremely high bar of *Atlantic Marine* applies to the question of whether that clause is enforceable.

      This conclusion is also supported by the remarkably similar case, *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 108 S. Ct. 2239, 101 L. Ed. 2d 22 (1988).  In *Stewart*, the district court denied the defendant's motion to transfer venue under an outbound forum-selection clause, reasoning the clause violated the forum state's strong public policy against the enforcement of such clauses.  *Id.* at 24, 108 S. Ct. at 2241.  The United States Supreme Court, however, held that, when a party moved to transfer venue, the federal venue transfer statute, 28 U.S.C. § 1404(a), applied, and, therefore, the forum state's categorical policy disfavoring forum-selection clauses is preempted by the considerations prescribed by Congress in the statute.  *Id.* at 30, 108 S. Ct. at 2244.  Like *Atlantic Marine*, the *Stewart* case also depended on a "valid forum-selection clause," *id.* at 33, 108 S. Ct. at 2245-46 (KENNEDY, J. concurring), and the Court's holding that a state law preventing enforcement of forum-selection clauses gives way to the dictates of § 1404(a) plainly indicates such a law or policy targeted at transfer and forum-selection clauses does not bear on the "validity" analysis.

      Neither GAI's complaint nor its response in opposition to the motion to transfer contains any allegations of fraud, duress, misrepresentation, or other misconduct on behalf of Cyclone

regarding the forum-selection clause. (*See* docs. 3-1, 12 & 13). Furthermore, the complaint describes GAI as an Alabama company, "provid[ing] services through the United States and abroad," who was providing services to "an Israeli business concern, with its principal place of business in Israel." (Doc. 3-1 at 4). These undisputed facts tend to show both companies were "experienced business professionals," *see P & S Bus. Machines, Inc.*, 331 F.3d at 807, and GAI does not contend otherwise. GAI explicitly acknowledges its prior awareness of the Alabama statute invalidating enforcement of choice-of-law clauses and its reliance on that statute to invalidate the clause in this contract.[4] (Doc. 13 at 18).

GAI's only argument against the "validity" of the forum-selection clause is its reliance on a state circuit court case extending the state statute's prohibition of choice-of-law clauses to a forum-selection clause, the court felt, would lead to enforcement of the choice-of-law clause. (Doc. 13 at 15-17) (extensively discussing *Rep, Inc. v. Stmicroelectronics, Inc.*, No. 47-CV-03-2794-JPS, 2009 WL 7215384 (Ala. Cir. Ct., July 21, 2004)). As shown above, such a statute or public policy does not prevent a finding of validity under general contract law. Because there is no indication in the parties' arguments or the undisputed facts that the forum-selection clause is invalid under general contract law, the forum-selection clause analysis as set out in *Atlantic*

---

[4] GAI intends this as a showing of its reliance and the consequent unfairness of enforcing the forum-selection clause to deprive it of its claim under the Act; however, what it shows is that GAI was aware of all of the factors at the time it entered into the contract and that it apparently also believes it is "fair" to enter a contract it knows is unenforceable and will deprive the other party of some of the benefit of its bargain.

There is nothing unfair about holding GAI to the bargain into which it entered. GAI agreed to a New York forum potentially applying New York law: if the New York court determines the choice-of-law clause is not applicable under New York law and applies Alabama law, GAI will have its claim under the Act; if that court determines the choice-of-law clause (agreed to by GAI) applies to prevent GAI from bringing its claim under the Act, then, because GAI agreed to that forum and that law, it essentially agreed from the start that any claim would be under the New York, and not the Alabama, version of the sales representative commission contract statute. GAI is not, as it asserts, deprived of a remedy.

*Marine* applies to the forum-selection clause in this case.

### B. Enforceability of the Forum-Selection Clause

As noted in *Atlantic Marine*, when addressing the typical case of a motion to transfer venue under § 1404(a), "a district court . . . must evaluate both the convenience of the parties and various public-interest considerations. Ordinarily, the district court would weigh the relevant factors and decide whether, on balance, a transfer would serve 'the convenience of parties and witnesses' and otherwise promote 'the interest of justice.'" 134 S. Ct. at 581 (quoting 28 U.S.C. § 1404(a)). The private factors generally relate to the "practical problems that make trial of a case easy, expeditious and inexpensive." *Id.* at 581 n.6. "Public-interest factors may include the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; and the interest in having the trial of a diversity case in a forum that is at home with the law. The Court must also give some weight to the plaintiffs' choice of forum." *Id.*

However, a valid forum-selection clause, as in this case, changes those rules in three ways: (1) "the plaintiff's choice of forum merits no weight" because the plaintiff already exercised its "venue privilege" at the time of contracting, (2) "a court evaluating a defendant's § 1404(a) motion to transfer based on a forum-selection clause should not consider arguments about the parties' private interests" because the parties "waive the right to challenge the preselected forum as inconvenient or less convenient," and (3) the transfer of venue "will not carry with it the original venue's choice-of-law rules" under *Van Dusen v. Barrack*, 376 U.S. 612, 84 S. Ct. 805 (1964), because that case's rationale (protecting the state-law advantages of the venue privilege) does not apply. *Atlantic Marine*, 134 S. Ct. at 581-83. Furthermore, "[b]ecause [the public-interest] factors will rarely defeat a transfer motion, the practical result is

that forum-selection clauses should control except in unusual cases." *Id.* at 582. "In all but the most unusual cases, 'the interest of justice' is served by holding parties to their bargain." *Id.* at 583.

GAI has challenged the enforceability of the instant forum-selection clause on two grounds:  (1) Alabama has a strong public policy, as expressed in the Alabama Sales Representative's Commission Contracts Act, in favor of applying its laws to sales representative agreements, (doc. 13 at 14-19, 25-26); and (2) the private- and public-interests militate against venue in the Southern District of New York, (*id.* at 19-25).  To support its arguments, GAI primarily cites to state cases and non-transfer federal cases, all of which were applying different standards than the ones applicable to this case.

First, federal law, not state law, applies to the enforceability of forum-selection clauses on a motion to transfer under § 1404(a). *P & S Bus. Machines*, 331 F.3d at 807 (citing *Stewart*, 487 U.S. at 28–29).  Therefore, GAI's contrary assertion is meritless.  (*See* doc. 13 at 11-12). Second, where GAI cites federal law, it cites either to the balancing test generally applicable to motions to transfer under § 1404(a), (doc. 13 at 19-20), or to cases applying the *Bremen* factors to motions to dismiss under § 1406 and FED. R. CIV. P. 12(b)(3), (doc. 13 at 25).[5] As previously

---

[5] GAI also cites to *Stewart* for the proposition a forum-selection clause is only one factor of many in the § 1404(a) analysis, (doc. 13 at 20); however, the language cited is from a discussion of hypothetical conflicts between the usual § 1404(a) factors and state law, (*see* doc. 13 at 20) (citing *Stewart*, 487 U.S. at 30-31, 108 S. Ct. at 2244), which the court ultimately used to support its decision to enforce federal law over state law, *Stewart*, 487 U.S. at 31, 108 S. Ct. at 2244-45 ("But this potential conflict in fact frames an additional argument for the supremacy of federal law.  Congress has directed that multiple considerations govern transfer within the federal court system, and a state policy focusing on a single concern or a subset of the factors identified in § 1404(a) would defeat that command.").  This language does not support the conclusion a forum-selection clause is just one of many factors that are all on the same footing, particularly in light of Justice Kennedy's concurrence, *id.* at 33, 108 S. Ct. at 2246 ("[A] valid forum-selection clause is given controlling weight in all but the most exceptional cases."), and the *Atlantic Marine* court's subsequent adoption of it, 134 S. Ct. 568 at 579.

noted, under *Atlantic Marine*'s balancing test, the generally applicable rules are changed to give the forum-selection clause near controlling weight.  As for the cases applying the *Bremen* factors to motions to dismiss, they were not directly applicable to motions to transfer between federal forums even before the *Atlantic Marine* court held motions to dismiss were not the proper means for enforcing a forum-selection clause selecting a nonfederal forum.  *See P & S Business Machines*, 331 F.3d at 807 (applying the § 1404(a) factors and not the *Bremen* factors to a motion to transfer); *Atl. Marine*, 134 S. Ct. at 579 ("[A] forum-selection clause does not render venue in a court 'wrong' or 'improper' within the meaning of § 1406(a) or Rule 12(b)(3) . . . ."). Although the *Bremen* analysis may be "instructive," the United States Supreme Court has explicitly held it is not the proper analysis on a motion to transfer venue under § 1404(a). *Stewart*, 487 U.S. at 28-29, 108 S. Ct. at 2243.

The proper analysis, as set out above, is to balance the near controlling weight of the forum-selection clause, representing a finding that all of the private-interest factors fall in favor of the selected forum, against the public-interest factors, which, in almost all cases, will not outweigh the forum-selection clause.

Regarding the public-interest factors, GAI argues "[f]ederal courts sitting in Alabama are more familiar with claims brought under the Act than those sitting in New York," "the Southern District of New York, unlike the Northern District of Alabama, has no interest at all in adjudicating the dispute between these parties," and "the people of the Southern District of New York have absolutely no interest in this case."  (Doc. 13 at 23-24).

First, while the federal courts sitting in Alabama would be more familiar with the Act than those in New York, the claim under the Act is just one of five claims.  (Doc. 3-1).  Under the Act, a choice-of-law clause is only invalidated to the extent it would waive the Act's

provisions, *see Ala. Code* § 8-24-5; therefore, no matter which court hears this suit, there is a high likelihood the court will apply the contract's choice-of law provision (choosing New York law) to at least four of the five claims. As for the remaining claim that may or may not ultimately fall under Alabama law, this factor has less importance "[w]here no complex questions of foreign law are presented." *Holmes v. Freightliner, LLC*, 237 F. Supp. 2d 690, 696 (M.D. Ala. 2002). As Cyclone notes, GAI has not argued the Act is particularly complex. (Doc. 16 at 12). On balance this factor falls in favor of the New York courts.

Second, the purpose of diversity jurisdiction, such as that exercised in this case, is to protect the interests of out-of-state defendants from state-court bias. *See Holston Investments, Inc. B.V.I. v. LanLogistics Corp.*, 677 F.3d 1068, 1070 (11th Cir. 2012). On this basis, the New York court has as much right and interest in hearing an Alabama plaintiff's claim against an Israeli defendant as an Alabama court, especially when the parties themselves chose that forum.

Lastly, the people of New York have very little interest in this case, and, generally, "[j]ury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation," *Lary v. Doctors Answer, LLC*, No. CV-12-S-3510-NE, 2013 WL 987879 (N.D. Ala. Mar. 8, 2013). However, the representatives of the people of New York have sought "to promote and preserve New York's status as a commercial center" by having its law apply to large commercial transactions even where they have no reasonable relation to the forum. *See IRB-Brasil Resseguros, S.A. v. Inepar Investments, S.A.*, 982 N.E.2d 609, 612 (N.Y. 2012) (applying N.Y. GEN. OBLIG. LAW § 5-1401 (McKinney)). It follows they would likely not be averse to having disputes between non-local parties, who chose New York law, heard in a New York courtroom, even if they may be called on for jury duty.

To the extent any of these factors weigh against the valid forum-selection clause, they

certainly do not overcome it.  There is no indication this is one of the "unusual cases" in which the public factors outweigh a valid forum-selection clause.  *See Atlantic Marine*, 134 S. Ct. at 582.

### III. Conclusion

Cyclone has satisfied its burden under § 1404(a) of demonstrating this action should be transferred to the United States District Court for the Southern District of New York.  A separate order will be entered and will be effectuated fourteen (14) days from the date of this opinion.  *See* 28 U.S.C. § 636(b).

DONE this 30th day of June 2014.

_____
**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE